# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| DAVID KEMPER, | ) |
| Petitioner | ) |
| v. | ) No. 3:16-cv-01508 |
| | ) Judge Trauger |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

## MEMORANDUM

### I. Introduction

Pending before the court are the Petitioner's Motion To Vacate, Set Aside, Or Correct Sentence In Accordance With 28 U.S.C. § 2255 (Docket No. 1), and the Government's Response (Docket No. 4). For the reasons set forth herein, the Motion To Vacate, Set Aside, Or Correct Sentence In Accordance With 28 U.S.C. § 2255 (Docket No. 1) is DENIED, and this action is DISMISSED.

### II. Procedural Background

The Petitioner pled guilty, before now-retired Judge William J. Haynes, Jr., to unlawful possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924. (Docket Nos. 22, 23, 27 in Case No. 3:14cr00033). Through the Plea Agreement, the parties agreed to a sentence of 96 months of imprisonment. (Docket No. 27 in Case No. 3:14cr00033). At the subsequent sentencing hearing, on August 1, 2014, Judge Haynes imposed the agreed 96-month sentence. (Docket Nos. 26, 28, 29 in Case No. 3:14cr00033). The record indicates that no appeal was taken.

III. Analysis

A. 28 U.S.C. § 2255

The Petitioner has brought this action pursuant to 28 U.S.C. § 2255. Section 2255 provides a statutory mechanism for challenging the imposition of a federal sentence:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). In order to obtain relief under Section 2255, a petitioner "' must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict.'" *Humphress v. United States,* 398 F.3d 855, 858 (6th Cir. 2005)(quoting *Griffin v. United States,* 330 F.3d 733, 736 (6th Cir. 2003)).

If a factual dispute arises in a § 2255 proceeding, the court is to hold an evidentiary hearing to resolve the dispute. *Ray v. United States*, 721 F.3d 758, 761 (6th Cir. 2013). An evidentiary hearing is not required, however, if the record conclusively shows that the petitioner is not entitled to relief. 28 U.S.C. § 2255(b); *Ray,* 721 F.3d at 761; *Arredondo v. United States,* 178 F.3d 778, 782 (6th Cir. 1999). A hearing is also unnecessary "if the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Id.*

Having reviewed the pleadings, briefs, and records filed in the Petitioner's underlying criminal case, as well as the filings in this case, the court finds it unnecessary to hold an evidentiary hearing because the records conclusively establish that the Petitioner is not entitled to

relief on the issues raised.

B. Johnson v. United States

The Petitioner claims that his sentence should be vacated because the Supreme Court's decision in *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015) undermines the validity of Section 2K2.1 of the Sentencing Guidelines, which was used to determine his offense level at sentencing. In *Johnson,* the Supreme Court held that the so-called "residual clause" of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), is unconstitutionally vague. The ACCA imposes a 15-year mandatory minimum sentence for defendants convicted of certain firearms offenses who have three previous convictions for a "violent felony" or a "serious drug offense." 18 U.S.C. § 924(e)(1). The "residual clause" is part of the definition of "violent felony," as set forth below in italics:

> (2) As used in this subsection–
>
> * * *
>
> > (B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that –
> >
> > > (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> > >
> > > (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*. . .

(Emphasis added). After the *Johnson* decision was issued, several courts applied its reasoning to invalidate the identically-worded portion of the definition of "crime of violence" set forth in the

Sentencing Guidelines.[1] *See, e.g., United States v. Pawlek,* 822 F.3d 902 (6th Cir. 2016). The Petitioner relies on the reasoning of these decisions in arguing that the Sentencing Guidelines that were applied to him are unconstitutionally void for vagueness. More specifically, the Petitioner argues that his sentence was enhanced because his prior conviction for aggravated assault was improperly considered to be a "crime of violence" under the residual clause of the definition.

In its Response, the Government argues that the Petitioner's conviction for aggravated assault qualifies as a "crime of violence" without regard to the residual clause.

The court need not address this issue, however, because, on March 6, 2017, while the

---

[1] Section 2K2.1(a)(4)(A), which was applied to the Petitioner at sentencing, provides for an offense level of 20 if the defendant "committed any part of the instant offense subsequent to sustaining one felony conviction of either a crime of violence or a controlled substance offense." Application Note 1 to the Guideline incorporates the definition of "crime of violence" used in Sentencing Guideline Section 4B1.2(a). When the Petitioner was sentenced, the term was defined in Section 4B1.2(a) as follows, with the "residual clause" set forth in italics:

> (a) The term 'crime of violence' means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that--
>
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*

U.S.S.G. § 4B1.2(a)(2) (Emphasis added).

Through Amendment 798 to the Sentencing Guidelines, which became effective on August 1, 2016, the Sentencing Commission deleted the residual clause portion of the definition and replaced it with language that enumerates specific offenses.

4

Petitioner's Motion was pending, the Supreme Court issued a decision that precludes his claim. In *Beckles v. United States,* __ U.S. ___, 137 S. Ct. 886, 891, 197 L. Ed. 2d 145 (2017), the Court held that, unlike the statute at issue in *Johnson,* the Sentencing Guidelines are advisory, and therefore, the definitions in the Guidelines, including the residual clause, are not subject to a vagueness challenge under the Due Process Clause. Thus, even if the Petitioner's prior conviction for aggravated assault qualified as a "crime of violence" under the Sentencing Guidelines' residual clause definition, application of that definition was not unconstitutional. The Petitioner has not suggested that the *Beckles* decision is inapplicable to his claim, nor has he raised an alternative challenge to his conviction or sentence. Accordingly, the Petitioner's Motion To Vacate is without merit.

## IV. Conclusion

For the reasons set forth herein, the court concludes that the Petitioner's request for Section 2255 relief is without merit. Accordingly, the Petitioner's Motion To Vacate is denied and this action is dismissed.

If the Petitioner gives timely notice of an appeal from the court's Memorandum and Order, such notice shall be treated as an application for a certificate of appealability, 28 U.S.C. § 2253(c), which will not issue because the Petitioner has failed to make a substantial showing of the denial of a constitutional right. *Castro v. United States,* 310 F.3d 900 (6th Cir. 2002).

It is so **ORDERED.**

ENTER this 22nd day of August 2017.

_____
ALETA A. TRAUGER
U.S. District Judge